THE OVERSEERS OF SOUTH BRUNSWICK v. THE OVERSEERS OF INDE-PENDENCE.

An apprentice gains a settlement in the place, where the master with whom he serves, resides, though the master has none.

This was a certiorari directed to the Sessions of Warren county : the facts of the case are fully mentioned in the opinion of the court delivered by the Chief Justice.

*Peter I. Clark* and *J. W. Scott*, for plaintiffs.

*Sherrerd*, for defendants.

HORNBLOWER, C. J.   The order of removal in this case, was from the township of Independence in Warren county, to the township of South Brunswick in Middlesex.   On an appeal by the latter, to the Sessions of Warren county, the order was af-firmed.   It is not pretended, that the paupers are chargeable to Independence.   The question presented by the state of the case, is in fact, between South Brunswick, and the township of West Windsor, in the county of Middlesex.   If the settlement is in the latter township, then the order must be quashed.

The pauper, James Cox, (who is the husband and father of the family and children, removed by this order,) was born in West Windsor : but when about two years old, removed with his parents into South Brunswick.   There his father acquired a settlement by estate.   If James Cox, the pauper, has never

gained a settlement for himself elsewhere, he is, of course, chargeable to South Brunswick. But when about seventeen years of age, and after his father's death, he was bound by indenture of apprenticeship, executed by his mother and himself, to James Reed, a carpenter. Reed was a single man, and boarded at that time, and until he was married, in the township of West Windsor; about eighteen months afterwards, he married and went to house-keeping in that township where he continued to live, and had his workshop as long as Cox's apprenticeship lasted. Both before and after Reed's marriage, Cox had his Sunday board and his washing and mending done, at his mother's in South Brunswick. For this, his mother, by an agreement with Reed, was to receive ten dollars a year.

Before Reed was married, Cox boarded with him at his boarding house in West Windsor, when at work with him there: after Reed was married and kept house, Cox boarded with him, at his own house, while at work in the shop; and as well before as after Reed's marriage, Cox went with him wherever his work called him about the country, and boarded where he boarded.

It is insisted by the counsel for the defendants in certiorari, that Cox, while an apprentice, never boarded or worked one whole year, continuously, in the township of West Windsor, or elsewhere, and therefore, that he never gained a settlement by apprenticeship. But, whether Cox did or did not, at any one time, uninterruptedly, for one whole year, board and work in West Windsor, or elsewhere, is not material. The question is not, where he boarded or where he worked. An apprentice serves his apprenticeship in the place, where the master with whom he serves, resides. Now, Reed during the whole period of the apprenticeship, resided in West Windsor, and had his home and work shop there; and in fact, for more than one year of the time, was a house-keeper in that township. Nor is it material whether Reed had a settlement there or not; for the apprentice may gain a settlement, though his master has none. (*Rev. L.* 39, s. 7, 2 *Salk.* 253. *Pl.* 21.)

If the law were otherwise, many apprentices who serve their masters faithfully, could gain no settlement by such service. Carpenters, masons and other mechanics, are frequently employed at a distance from home; they take their apprentices

with them; but they are still serving their apprenticeship where their masters reside. I am therefore of opinion, that as well the original order of removal, as the order of sessions affirming the same, ought to be quashed.

FORD, J. concurred.

RYERSON, J. expressed no opinion, having been of counsel with one of the parties.